IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCOS MARTINEZ and
SONNIE MARTINEZ,

      Plaintiffs,

      v.                                              Civ. No. 24-260 JCH/LF

LHM QCJ, LLC, d/b/a LARRY H.
MILLER CASA CHRYSLER JEEP,
JORDYN V. CATELLANO, and
LANDCAR AGENCY, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on *Plaintiffs' Opposed Motion for Remand* [Doc. 9]. Defendants filed their response [Doc. 12], and Plaintiffs filed a reply [Doc. 13]. At issue is whether at the time of removal Defendants met their burden to show that this Court has subject matter jurisdiction, and if not, whether they should be permitted to amend their Notice of Removal to make such a showing. After reviewing the parties' briefs, the pleadings, and the relevant legal authorities, the Court concludes that the motion to remand should be granted.

## PROCEDURAL AND FACTUAL BACKGROUND

This case arises from an alleged breach of contract. Plaintiffs allege that when their vehicle's engine failed, Defendant LHM QCJ, LLC d/b/a Larry H. Miller Casa Chrysler Jeep ("Larry H. Miller") agreed to replace it under a vehicle service contract provided by Defendant Landcar Agency, Inc. ("Landcar"). Plaintiffs allege that when the engine failed again a couple of years later, both Larry H. Miller and Landcar refused to provide further repairs in violation of the service contract. Plaintiffs filed a complaint [Doc. 1-1] in New Mexico state district court

asserting claims under the New Mexico Unfair Practices Act, the New Mexico Unfair Insurance Practices Act, fraud, breach of contract, negligence, and unjust enrichment. Plaintiffs then amended their complaint to add a claim under the federal Magnusson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq. In accordance with New Mexico law, Rule 1-008(A)(3) NMRA, the amended complaint does not enumerate a specific sum demanded by the Plaintiffs. However, the amended complaint does assert that Plaintiffs paid $3,412 under the service contract, a deductible of $100 for the repair performed by Larry H. Miller, more than $3,000 for subsequent repairs, and approximately $1,000 for rental cars while their vehicle was being repaired. Plaintiffs also ask for unspecified punitive damages, treble damages, costs, and attorney's fees.

Eight days after the filing of the amended complaint containing the MMWA claim, Defendants timely removed the case to this Court. According to the Notice of Removal [Doc. 1], the alleged basis of removal was federal question jurisdiction under 28 U.S.C. § 1331 stemming from the MMWA claim. Doc. 1 at ¶ 12, p.3; *see also id*. at p.1. The Notice of Removal contains no allegations or evidence regarding the amount in controversy.

In their motion, Plaintiffs argue that the case should be remanded because Defendants failed to meet their burden to show that this Court has jurisdiction over the case. They contend that alleging general federal jurisdiction is improper because the MMWA does not give rise to federal question jurisdiction under 28 U.S.C. § 1331; rather, the MMWA requires at least $50,000 in controversy for federal courts to have jurisdiction over claims brought under that statute. Defendants acknowledge their error in not addressing the amount in controversy in the notice of removal, but they allege that more than $50,000 is at issue in the case and they ask for the opportunity to amend the notice to that effect. In reply, Plaintiffs argue that Defendants'

request to amend the notice of removal to state a new jurisdictional basis is untimely, and that regardless Defendants cannot carry their burden to prove jurisdictional facts to show that $50,000 is at issue.

## DISCUSSION

I.  APPLICABLE LAW

    A.  <u>Removal</u>

A defendant may remove a civil action to federal court only if the plaintiff could have originally filed the action in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendants, as the parties seeking to remove the case to federal court, bear the burden of establishing federal jurisdiction. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009). Under 28 U.S.C. § 1446(b)(3), a defendant must remove a case within thirty days after receipt of a copy of the initial pleading or service of summons from which it may first be ascertained that the case is removable. *See id*. § 1446(b). A plaintiff has thirty days after the notice of removal is filed to bring a motion to remand based on any defect other than subject matter jurisdiction, or the plaintiff waives those defects. 28 U.S.C. § 1447(c).

To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. § 1446(c)(2)(A). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). *See also Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) (unpublished) ("Removal typically proceeds on

jurisdictional allegations, not proof of jurisdictional facts."). "If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: removal ... is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 88 (internal citations and quotations omitted).

Because federal removal jurisdiction is statutory in nature, it is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

B.     **The Magnuson–Moss Warranty Act**

The MMWA grants federal district courts jurisdiction to hear claims for breach of express warranty, implied warranty, or service contract with the following limitation: "No claim shall be cognizable in a suit brought [in federal court] ... if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit...." 15 U.S.C. § 2310(d)(3). Accordingly, federal question jurisdiction under the MMWA is limited to breach-of-warranty claims for which the amount in controversy is at least $50,000. Some federal courts have held that attorneys' fees cannot be considered as part of the amount of controversy under the MMWA, *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 n.12 (3d Cir. 1997) (citing cases); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 402 (3d Cir. 2004); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984) (concluding that attorney's fees cannot be used to satisfy the amount in controversy requirement because they are a form of costs); *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 n.1 (10th Cir. Sept. 8, 2005), abrogated on other grounds by *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014). In addition, damages for any pendent state-law claims should not be

included to satisfy the jurisdictional amount. *Boelens*, 748 F.2d at 1071 n. 19; *Oklahoma Farm Bureau*, 149 F. App'x at 778 n.1.

Generally, courts look to state law to determine the applicable measure of damages, which informs the amount in controversy under the MMWA. *See Boelens*, 748 F.2d at 1069 (applying Texas law); *see also MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979) ("[T]he legislative history clearly implies that a resort to state law is proper in determining the applicable measure of damages under the Act.").

## II.     ANALYSIS

### A.     Timeliness of Amendment of Notice of Removal

"Prior to the expiration of the 30-day period for removal, the defendants may freely amend the notice of removal." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (Rev. 4th ed.). "Thereafter, however, most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated in the original notice.… In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations …" *Id*. In this case, Defendants did not amend or move to amend their notice of removal within 30 days of the date on which the case became removable. Rather, Defendants asked for leave to amend in their response to Plaintiff's motion to remand, well outside the 30-day period. Therefore, an amendment at this point would be untimely. At least one other judge in this district has reached a similar conclusion. *See Lopez v. Walker Stainless Equipment Company, LLC*, 431 F. Supp. 3d 1253, 1255 (D.N.M. 2020) (Johnson, J.) ("Defendant Walker's new grounds for removal, offered in its response and motion to amend its removal notice, are not appropriate because they were

offered for the first time in opposition to Plaintiffs' motion for remand.") (citing 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (Rev. 4th ed.)).

In addition to untimeliness, also detrimental to Defendants' position is that they are asking to amend the notice of removal to include an entirely new basis for federal jurisdiction. The notice cited 28 U.S.C. § 1331's federal question jurisdiction as the basis for removal. But as noted above, there is no federal jurisdiction over MMWA claims unless there is at least $50,000 at issue. In other words, Congress has removed MMWA claim out of the heartland of general federal question jurisdiction by imposing a minimum jurisdictional amount. Therefore, Defendants are asking to amend their notice of removal to assert a new basis for federal jurisdiction and to allege that the jurisdictional requirements were satisfied. As noted in Wright & Miller § 3722, supra, "defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred [sic] basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon."

Defendants' arguments to the contrary are unpersuasive. Defendants assert that courts have generally permitted amendments of the notice of removal "if the amendment corrects the defective allegations but does not add a new basis for removal jurisdiction," which includes "clarifying the jurisdictional amount." Doc. 12 at 2. While this statement is true as far as it goes, it does not apply to the situation at hand because Defendants are not asking to "clarify" the basis for federal question jurisdiction under § 1331 because § 1331 requires no showing of amount in controversy. Instead, Defendants are seeking to assert a different basis of federal jurisdiction, the MMWA, which does require them to allege satisfaction of a $50,000 jurisdictional amount.

6

Because Defendants are seeking to add a new basis for federal jurisdiction outside the 30-day period in which they could amend their notice of removal, the request is untimely.

**B.      Amount in Controversy**

Defendants argue that the amount in controversy is satisfied because Plaintiffs have made settlement offers in excess of $50,000. Plaintiffs respond that this allegation is inadequate because their settlement offers were for all claims in the case plus attorney's fees and costs, and therefore those offers include amounts that cannot be counted toward the jurisdictional minimum. Because the Court has concluded that Defendants' request to amend the jurisdictional basis for removal is untimely, it need not reach the question of whether Defendants have adequately demonstrated that more than $50,000 is at issue in the MMWA claim.

Having concluded that Defendants may not amend their notice of removal to add a new basis for federal jurisdiction,

**IT IS THEREFORE ORDERED** that *Plaintiffs' Opposed Motion for Remand* [Doc. 9] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**